SETON HALL COLLEGE, A CORPORATION, PROSECUTOR-APPELLANT, v. VILLAGE OF SOUTH ORANGE ET AL., DEFENDANTS-RESPONDENTS.

Submitted March 23, 1914—Decided June 15, 1914.

On appeal from the Supreme Court.

For the prosecutor-appellant, *William J. Kearns.*

For the defendants-respondents, *Riker & Riker.*

Per Curiam.

The prosecutor (Seton Hall College) appealed from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed by that court to review the judgment of the board of equalization of taxes of New Jersey, affirming the decision of the Essex county board of taxation, that certain property of prosecutor-appellant was subject to taxation, and as to which property an exemption from taxation was claimed.

The Supreme Court affirmed the judgment of the board of equalization of taxes in a *per curiam* which reads as follows:

"The stipulation of facts shows that prosecutor was incorporated under special charter by chapter 86 of the laws of 1861. *Pamph. L., p.* 198. This charter conferred no exemption from taxation.

"By chapter 167 of the laws of 1870, an amendment to said charter, it was provided:

" 'That the provisions of the fifth section of an act entitled "An act to incorporate the Drew Theological Seminary of the Methodist Episcopal Church," approved February 12th, 1868, in relation to the exemption of the real and personal property of said corporation from assessment and from taxation, be and the same are hereby extended to the corporation created by the act to which this is a supplement.'

"The provision in the fifth section of the charter of Drew Theological Seminary (*Pamph. L.* 1868, *p.* 4) reads as follows: 'And the property of said corporation, real and personal, shall be exempt from assessment and from taxation.'

"It further appears, *inter alia*, that Seton Hall College is an educational institution and has been operating as such under its charter since 1861; that it acquired the lands on which the tax was imposed in 1864; and that no tax was levied against it until the one now in question, for 1911. The exemption is claimed by virtue of the legislation cited above and not by virtue of section 4 of the Tax act of 1903.

"The board of equalization of taxes in affirming the tax filed a memorandum, which, after reciting the above facts, proceeds as follows:

" 'The property involved in this case consists of tracts of land situated in the taxing district of the village of South Orange and owned by Seton Hall College. These tracts do not include the land upon which the college buildings are erected. The question to be decided is whether the property involved is exempt from taxation by virtue of the supplement to the act under which the appellant was incorporated. The purpose of that supplement was manifestly to grant such exemption. It is settled, however, that under the amendatory provision of the constitution adopted in 1875, requiring property to be assessed for taxes "under general laws and by uniform rules, according to its true value," there can be no exemption of property from taxation by force of special or local statutes, except in the case of contracts which the amendment of the organic law could not reach. *Sisters of Charity* v. *Township of Chatham*, 52 *N. J. L.* 373. The effect of the General Tax act of 1903 was to repeal all exemptions except those expressly allowed by that act, as far as the legislature had the power to do so. *Hanover Township* v. *Camp Meeting Association*, 76 *Id.* 65; *Id.* 827. It follows, therefore, that the exemption claimed on this appeal has been annulled both by force of the constitutional amendment of 1875 and the operation of the act of 1903, unless the supplement granting the

exemption constitutes an irrevocable contract between the state and the appellant. That the legislature may enter into an irrevocable contract as to taxation with a private corporation, which is not subject to alteration by a subsequent legislature by virtue of the right reserved in the act of 1846, which is now section 4 of the Corporation act (*Pamph. L.* 1896, *p.* 277), is pointed out by Mr. Justice Swayze in the Hanover Township case. He cites the authorities establishing that rule and adds that "the question which arises is whether in any particular case the exemption, total or partial, is a mere gratuity or whether the elements of a binding contract are present. If the exemption is a mere gratuity, it is subject to repeal." If the act of the legislature relied upon by the appellant constituted a binding contract, the exemption contended for must be allowed. If it was not such a contract, then the claim for exemption must fail. The presumption is strongly against such a contract. It must be established by clear and positive evidence or be implied from circumstances which leave no other conclusion open to a rational mind. *Little* v. *Bowers,* 46 *N. J. L.* 300; *State Board of Assessors* v. *Paterson and Ramapo Railroad Co.,* 50 *Id.* 447. In *Cooper Hospital* v. *Camden,* 68 *Id.* 691, 695, Mr. Justice Pitney, speaking for the Court of Errors and Appeals, held that "a contract that disables the state from exercising the sovereign prerogative of taxation, with respect to the property of a given corporation, is in derogation of common right, and, so far as it goes, is subversive of the power of government itself. Every reasonable intendment is against the existence of such a contract. He who comes into court asserting its existence must be prepared to show that, in fact, it was made as alleged, and that its terms are such as to reasonably admit of no other interpretation than that claimed." The contract claimed to exist in the case under review does not arise from any provision in the original charter of the appellant corporation, but rests entirely upon a supplement to the act creating the corporation. This supplement was enacted long after the passage of the act of 1846, providing that the charter of every corporation

thereafter granted should be subject to alteration, suspension and repeal, in the discretion of the legislature. The right of exemption, therefore, is based upon a supplement to the charter passed at a time when the legislature had expressly reserved to itself the right to alter, suspend or repeal every charter which it might thereafter grant. But, even if it be in doubt whether the exempting statute was not subject to repeal by virtue of the act of 1846, the question still remains whether the former statute constituted an irrepealable contract. We are unable to give it that effect. There is nothing in the language or terms of the act itself from which a binding contract may be implied. At the time of its passage the beneficiary of the act had been in existence for several years, had purchased lands, erected buildings and was carrying out the purpose of its incorporation. Conceding that its work was charitable, and that the legislature might deem the continuance of such work a sufficient consideration for a contract of exemption from taxation, there is nothing to show that there was any prospect or likelihood of a discontinuance of such work if the legislature should fail to grant tax immunity. The passage of the Exempting act imposed no new burden or obligation upon the beneficiary, and it conferred no new benefit upon the state. True, the extension of the field of its operations by the appellant in consequence of its freedom from taxation, might increase the extent of its benefits to society, as an educational institution, but any such extension was purely voluntary and was in no case a condition to the enjoyment of the tax exemption. In the case of *Mount Pleasant Cemetery Co.* v. *Newark,* 52 *Id.* 539, cited in appellant's brief, the Chief Justice, speaking for the Court of Errors and Appeals, said: "It must certainly be conceded that if an exemption from any public burthen be made as a mere privilege, it may at any time be revoked; such a concession would be purely *nudum pactum,* and as such would not be legally binding."

" 'In our opinion, the Exempting act relied upon by the appellant in the case under review in no case purported an

intention to impose upon the state an irrepealable contractual obligation, but was a gratuitous privilege extended by the public to the corporation, and was subject to revocation. That being our view, it necessarily follows that we must sustain the assessment brought before us by this appeal.' "

We concur in the opinion of the Supreme Court which adopted the opinion of the board of equalization of taxes, and the judgment appealed from will be affirmed, for the reasons stated in the board's opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.